UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROOSEVELT WATTS,

          Petitioner,         Case No. 1:16-cv-12997
                                     Hon. Thomas L. Ludington

BONITA HOFFNER,

          Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT TO FILE RESPONSIVE PLEADING**

Petitioner Roosevelt Watts, a Michigan Department of Corrections prisoner serving a life sentence, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Wayne Circuit Court jury trial conviction of one count of first-degree murder, MICH. COMP. LAWS § 750.316, and one count of possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b.

This matter is before the Court on the Respondent's motion to dismiss the petition as untimely filed. Petitioner has filed a response to the motion, asserting that the Respondent's calculations are incorrect and that his petition was timely filed. For the reasons stated below, the Court will deny the Respondent's motion and order the Respondent to file a responsive pleading to the petition.

**I.**

Following his conviction and sentence, Petitioner filed an appeal of right with the Michigan Court of Appeals. On March 25, 2008, the Michigan Court of Appeals issued an unpublished opinion reversing his convictions. *People v. Watts*, No. 272369, 2008 WL 782588 (Mich. Ct. App. Mar. 25, 2008). The prosecutor filed an application for leave to appeal in the

Michigan Supreme Court. On September 10, 2008, the Michigan Supreme Court vacated the Michigan Court of Appeals' decision, and remanded the case for further proceedings. *People v. Watts*, 755 N.W.2d 188 (Mich. 2008). The Michigan Court of Appeals then issued an unpublished opinion affirming Petitioner's convictions. *People v. Watts*, No. 272369, 2009 WL 3321511 (Mich. Ct. App. Oct. 15, 2009). Petitioner sought leave to appeal in the Michigan Supreme Court, but the application was denied on January 29, 2010. *People v. Watts*, 777 N.W.2d 420 (Mich. 2010) (table). Petitioner's motion for reconsideration was denied on March 29, 2010, ending his direct appeal. *People v. Watts*, 779 N.W.2d 810 (Mich. 2010) (table).

For statute of limitations purposes, Petitioner's conviction became final 90-days later, on June 28, 2010, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (explaining that a conviction becomes final when "the time for filing a certiorari petition expires").

Before the statute of limitations began running, on April 16, 2010, Petitioner filed his first petition for habeas corpus with this Court. *Watts v. Howes*, E.D. Mich. No. 1:10-cv-11548. On February 7, 2011, Petitioner moved to hold the petition in abeyance so he could present new claims to the state courts. On March 8, 2011, the Court denied the motion, noting that abeyance was not warranted because the petition was filed before the statute of limitations began running. *Id.*, Dkt. 13, at 2. The Court further noted that limitations period would be equitably tolled for the time the first petition had been pending:

> While the time in which this case has been pending in federal court is not statutorily tolled, see *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State postconviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. See, e.g., *Johnson v. Warren*,

> 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. See 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

*Id.*, at 2.

Petitioner then moved to dismiss the petition without prejudice, and the Court granted the motion on April 11, 2011. *Id*., at Dkt. 15.

On June 30, 2011, Petitioner filed a motion for relief from judgment in the state trial court. The trial court denied the motion on October 14, 2011. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals that was denied on September 13, 2012. *People v. Watts*, No. 314132 (Mich. Ct. App. Sept. 13, 2013). Petitioner next filed an application for leave to appeal in the Michigan Supreme Court, but it was denied on June 28, 2016. *People v. Watts*, 880 N.W.2d 573 (Mich. 2016) (table).

Petitioner dated his present petition on August 12, 2016, and it was filed with the Court on August 16, 2016.

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under this section the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, as discussed above, that date is June 28, 2010, the last day Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court—90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal following his direct appeal. When the limitations period began to run, the petitioner had already filed his first federal habeas petition.

While the respondent correctly notes that the limitations period is not *statutorily* tolled while a prior federal habeas petition is pending, the Court expressly instructed Petitioner that he would be entitled to equitable tolling for the time during which his first petition was pending. *Watts v. Howes*, E.D. Mich. No. 1:10-cv-11548, Dkt. 13, at 2. Indeed, the provision of equitable tolling was the basis for the Court denying Petitioner's motion to stay his first petition. When the Court dismissed the first habeas petition after denying Petitioner's motion for a stay, more than one-year had already passed since the Michigan Supreme Court denied relief. Accordingly, Petitioner is entitled to equitable tolling from the time his first petition was filed until April 11, 2011, when it was dismissed without prejudice for him to present his new claims to the state courts. *See Duncan v. Walker*, 533 U.S. 167, 180 (2001) (noting the "potential unfairness to litigants who file timely federal habeas petitions that are dismissed without prejudice after the limitations period has expired").

The limitations period therefore did not begin to run until April 12, 2011, the day after his first habeas petition was dismissed. It continued to run until June 30, 2011, when Petitioner filed his motion for relief from judgment in the trial court. This was a period of only 78 days. Once the state post-conviction review proceeding was filed, the limitations period was statutorily tolled under § 2244(d)(2).

That tolling continued until the Michigan Supreme Court denied relief on June 28, 2016. After that date, Petitioner no longer had a state post-conviction review proceeding pending in the state courts to statutorily toll the limitations period. The limitations period started running again the next day, on June 29, 2016, and continued to run until August 12, 2016, when Petitioner filed the present habeas petition. This was a period of 43 days. Adding the two periods in which the period of limitations ran together, only 121 days, or well less than one-year elapsed. The petition was therefore timely filed, and Respondent's motion to dismiss will be denied.

**IV.**

For the foregoing reasons, **IT IS ORDERED** that the respondent's motion to dismiss, ECF No. 5, is **DENIED**.

**IT IS FURTHER ORDERED** that the respondent shall file a responsive pleading to the petition on or before **December 27, 2017**.

Dated: September 26, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager